IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PRECIOUS SAULS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-677-E-BN |
| | § | |
| CITY OF DALLAS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Precious Sauls filed a *pro se* complaint against the City of Dallas that indicates that the Court possesses jurisdiction under 28 U.S.C. § 1331 and should be liberally construed as raising violations of the Fair Housing Act (the FHA), 42 U.S.C. § 3601, *et seq*. *See* Dkt. No. 3. Sauls also moves for leave to proceed *in forma pauperis* (IFP). *See* Dkt. No. 4. So United States District Judge Ada Brown referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court will grant Sauls leave to proceed IFP through a separate order. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this lawsuit for Sauls's failure to allege a plausible claim.

**Legal Standards**

A district court is required to screen a civil action filed IFP and may summarily dismiss that action, or any portion of the action, if, for example, it fails to state a claim

on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). "The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, but a plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

And, to survive dismissal, a plaintiff must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that a plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context."))).

Put differently, plaintiffs, through the complaint, must provide the Court enough factual content to demonstrate an entitlement to relief. *Compare Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."), *with Robbins*, 519 F.3d at 1247 ("The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." (quoting *Twombly*, 550 U.S. at 556)).

## Analysis

The complaint first lays out Sauls's dissatisfaction with "Dallas Fair Housing" employees and certain housing conditions, specifically alleging that "I've been insulted"; that "my character has been assassinated"; and that the apartment has "holes in the walls," "molded vents," and "faulty wiring," lacks air conditioning, and is infested with spiders and giant roaches. Dkt. No. 3 at 1-2. Sauls then appears to allege disparate treatment based on an unspecified "health status." *Id.* at 2.

"The FHA is a 'clear pronouncement of a national commitment to end the unnecessary exclusion of persons with handicaps from the American mainstream,' and 'generalized perceptions about disabilities and unfounded speculations about threats to safety are specifically rejected as grounds to justify exclusion.'" *Harmony Haus Westlake, LLC v. Parkstone Prop. Owners Ass'n, Inc.*, 468 F. Supp. 3d 800, 808 (W.D. Tex. 2020) (cleaned up; quoting *Groome Res., Ltd., L.L.C. v. Par. of Jefferson*, 234 F.3d 192, 201 (5th Cir. 2000)).

While "the language of the FHA is 'broad and inclusive' and its terms must be

given a generous construction to adhere to the statute's remedial scope," *id.* (citations omitted), to state a claim under the statute, to avoid dismissal, a plaintiff must "allege a discriminatory *housing practice* sufficiently," *Ohana v. Marriott*, No. CV 14-04274 MMM (MRWx), 2015 WL 13919091, at *11 (C.D. Cal. Oct. 15, 2015); *cf. Haire v. 5445 Caruth Haven Lane Apartments Owner LLC*, No. 3:21-cv-3127-S-BK, 2022 WL 4097990, at *4 (N.D. Tex. Aug. 22, 2022) ("When Congress enacted the FHA, it did not intend to 'convert every quarrel among neighbors ... into a federal case.' Simply put, '[the statute] does not impose a code of civility on neighbors.' To hold otherwise would extend [it] 'to conduct it was never intended to address and would have the effect of demeaning the aims of the [FHA] and the legitimate claims of plaintiffs who have been subjected to invidious and hurtful discrimination and retaliation in the housing market.'" (quoting *Reule v. Sherwood Valley I Council of Co-Owners, Inc.*, Civ. A. H-05-3197, 2005 WL 2669480, at *4 (S.D. Tex. Oct. 19, 2005), aff'd, 235 F. App'x 227 (5th Cir. 2007) (per curiam))), *rec. accepted*, 2022 WL 4137411 (N.D. Tex. Sept. 8, 2022).

More specifically, the FHA "'prohibits discrimination in the provision of housing' and expressly prohibits the refusal to 'sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color religion, sex, familiar status, or national origin.'" *Greater New Orleans Fair Hous. Action Ctr., Inc. v. Hotard*, 275 F. Supp. 3d 776, 785-86 (E.D. La. 2017) (quoting *Artisan/American Corp. v. City of Alvin, Tex.*, 588 F.3d 291, 295 (5th Cir. 2009), then 42 U.S.C. §

3604(a)).

So, where a plaintiff fails to allege discrimination based on a protected class recognized by the FHA, the FHA claim is not plausible and should be dismissed under the applicable pleading standards.

Here, Sauls appears to allege discrimination because of a health status. But the complaint does not specify more. And a panel of the United States Court of Appeals for the Fifth Circuit has relatedly held that

> [t]he FHA defines a handicap as 'a physical or mental impairment which substantially limits one or more of [a] person's major life activities, ... a record of having such an impairment, or ... being regarded as having such an impairment.' 42 U.S.C. § 3602(h). Although [the plaintiff] stated throughout her complaint that she has a disability, she never identified this disability, alleged that this disability has any effect on her major life activities, alleged that there was a record of a qualifying impairment, or alleged that she was regarded as having a qualifying impairment. *See Iqbal*, 556 U.S. at 678. Accordingly, we agree with the district court that Miles failed to state a claim for discrimination under the FHA because she failed to allege that she has a handicap as defined by the [statute].

*Miles v. Hous. Auth. of Texarkana*, 667 F. App'x 450, 451-52 (5th Cir. 2016) (per curiam).

The Court should therefore dismiss the complaint.

### Leave to Amend

The time to file objections to this recommendation (further explained below) allows Sauls an opportunity to explain how the fatal pleading deficiencies identified above can be cured and thus show the Court that this case should not be dismissed with prejudice at this time and that the Court should instead grant leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam)

("A court should freely give leave to amend when justice so requires, FED. R. CIV. P. 15(a)(2), but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016). If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave. *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (affirming denial of leave to amend where plaintiffs 'failed to amend their complaint as a matter of right, failed to furnish the district court with a proposed amended complaint, and failed to alert both the court and the defendants to the substance of their proposed amendment').").

But, if Sauls fails to show that leave to amend should be granted, the Court should dismiss this case with prejudice.

## Recommendation

The Court should dismiss this action with prejudice unless, within the time to file objections, Plaintiff Precious Sauls shows a basis to grant leave to amend the complaint.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 5, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE